UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

FREDERICK MAGNER,

                       Plaintiff,

                v.

ALVANON, INC., ALVANON HK, LTD., JANICE
WANG, in her corporate capacities as CEO of
Alvanon, Inc. and Alvanon HK, LTD., and in her
individual capacity, JASON WANG, in his corporate
capacity as COO of Alvanon HK, LTD. and Alvanon,
Inc. and in his individual capacity, ERIC LEE, in his
corporate capacity as Executive Director of Alvanon,
Inc. and in his individual capacity, and AGNES
SERRANT, in her corporate capacity of General
Manager/HR of Alvanon, Inc. and in her individual
capacity,

                       Defendants.

--------------------------------------------------------------- x

Docket No. 24-CV-9190-MKV

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Dated:   New York, New York
         March 13, 2025

*Of Counsel:*

    Brian D. Murphy
    Jamie Moelis

SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112-0015
(212) 653-8700

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT............................................................................................1

ALLEGATIONS & BACKGROUND FACTS....................................................................2

    I.      The Parties ...........................................................................................................2

    II.    Allegations Giving Rise To Plaintiff's Claims .....................................................3

    III.   Plaintiff's Deficient Allegations Failing To Establish A Nexus To New York .................................................................................................................4

ARGUMENT .....................................................................................................................5

    I.      Applicable Standards ...........................................................................................5

         A.      Fed. R. Civ. P. 12(b)(1)...........................................................................5

         B.      Fed. R. Civ. P. 12(b)(6)...........................................................................5

    II.    Plaintiff Did Not, And Has Not Alleged, That He Worked In New York Requiring Dismissal Of His New York Statutory Claims .....................................6

    III.   Plaintiff Has Not Alleged A Violation Of The NYLL By Virtue Of Alvanon's Change To Its Commission Plan...............................................................9

    IV.   Plaintiff Fails To State A Claim For *Quantum Meruit*/Unjust Enrichment By Virtue Of Alvanon's Change To Its Commission Plan....................................10

CONCLUSION.................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*
   671 F.3d 140 (2d Cir. 2011)................................................................................................5

*Aminov v. EC Comm. Corp.*
   No. 16-CV-4800, 2017 WL 9511075 (E.D.N.Y. July 6, 2017)...................................7

*Arakelian v. Omnicare, Inc.*
   735 F. Supp. 2d 22 (S.D.N.Y. 2010)..........................................................................10

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007)....................................................................................................5

*Cousar v. New York-Presbyterian/Queens*
   No. 16-CV-1784 (MKB), 2019 WL 4015400 (E.D.N.Y. Aug. 26, 2019)...............10

*Drozd v. U.S.A. Concepts of New York Corp.*
   No. 09-CV-5120 (RER), 2015 WL 13733713 (E.D.N.Y. Apr. 23, 2015)................7

*Drummond v. Akselrad*
   No. 23-CV-0179 (LJL), 2023 WL 3173780 (S.D.N.Y. May 1, 2023) ....................10

*Fetet v. Altice USA, Inc.*
   No. 21-CV-1512, 2021 WL 2941917 (S.D.N.Y. July 12, 2021) ...............................6

*Garcia v. Lewis Tree Serv., Inc.*
   No. 21-CV-6393-EAW, 2022 WL 717861 (W.D.N.Y. Mar. 10, 2022)....................5

*Goshen v. Mut. Live Ins. Co. of N.Y.*
   730 N.Y.S.2d 46 (App. Div. 1st Dep't 2001) ...................................................6, 8, 9

*Hart v. Dresdner Kleinwort Wasserstein Sec., LLC*
   No. 06-CIV-0134 (DAB), 2006 WL 2356157 (S.D.N.Y. Aug. 9, 2006) .................8

*J.S. ex rel. N.S. v. Attica Cent. Sch.*
   386 F.3d 107 (2d Cir. 2004)........................................................................................5

*Kassman v. KPMG*
   LLP, 925 F. Supp. 2d 453 (S.D.N.Y. 2013) ...........................................................7

*Magnuson v. Newman*
   No. 10-CV-6211, 2013 WL 5380387 (S.D.N.Y. Sept. 25, 2013)............................7

*Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*
    418 F.3d 168 (2d Cir. 2005) ................................................................................................11

*In re NYSE Specialists Secs. Litig.*
    503 F.3d 89 (2d Cir. 2007) ....................................................................................................5

*O'Neill v. Mermaid Touring, Inc.*
    968 F. Supp. 2d 572 (S.D.N.Y. 2013) ................................................................................6, 7

*Old Republic Nat'l Title Ins. Co. v. Luft*
    859 N.Y.S.2d 261 (2d Dep't 2008) ......................................................................................11

*Revson v. Cinque & Cinque, P.C.*
    221 F.3d 59 (2d Cir. 2000) ..................................................................................................10

*Robinson v. Gov't of Malaysia*
    269 F.3d 133 (2d Cir. 2001) ..................................................................................................5

*Rodriguez v. KGA Inc.*
    64 N.Y.S. 3d 11 (App. Div. 1st Dep't 2017) .........................................................................7

*Shiber v. Centerview Partners LLC*
    No. 21-CIV-3649 (ER), 2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022) ..................................5

*Smith v. Vera Inst. Of Justice, Inc.*
    No. 21-CV-6430 (DG) (CLP), 2023 WL 11879682 (E.D.N.Y. Aug. 11, 2023) .....................8

*In re: Stage Presence Inc.*
    559 B.R. 93 (S.D.N.Y. 2016) ..............................................................................................7, 8

*Warman v. Am. Nat'l Standards Institute*
    No. 15-CV-5486, 2016 WL 3676681 (S.D.N.Y. July 6, 2016) .........................................6, 7, 8

<u>Statutes</u>

N.Y. Bus. Corp. Law § 630 ..........................................................................................................9

N.Y. Lab. Law § 215 .........................................................................................................*passim*

N.Y. LLC Law § 609 ....................................................................................................................9

<u>Other Authorities</u>

Fed. R. Civ. P. 11 .........................................................................................................................4

Fed. R. Civ. P. 12(b)(1) ...........................................................................................................1, 5, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................1, 5

Defendants Alvanon, Inc., Alvanon HK, Ltd. (together, "Alvanon"), Janice Wang, Jason Wang, Eric Lee, and Agnes Serrant (the "Individual Defendants," and together with Alvanon, "Defendants"), by and through their attorneys, Sheppard Mullin Richter & Hampton LLP, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff Frederick Magner ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff is a former Alvanon employee who lived and worked in Pennsylvania at all relevant times. Plaintiff admits it on the face of the FAC: "In or around October 2020, Plaintiff moved to Pennsylvania and performed work remotely from [Pennsylvania], of which arrangement [D]efendants approved." Every event about which Plaintiff now complains post-dates his departure from New York. Yet, Plaintiff seeks to advance a bevy of claims arising under the New York Labor Law ("NYLL") for allegedly unpaid commissions, wage deductions, and retaliation.

Plaintiff has no standing to pursue NYLL claims under these circumstances. A wealth of New York law holds, without equivocation, that the NYLL does not cover persons who live and work outside of New York State. Plaintiff, seemingly aware of this restriction, pleads peripheral matters in an effort to invoke the NYLL, including: (i) business decisions being made from New York; (ii) payroll taxes being remitted on his behalf to New York; and (iii) his sales territory covering, among other states, New York. However, the above-referenced principle still stands. The NYLL does not apply extraterritorially under any circumstances, as recognized by a number of New York courts rejecting similar efforts by litigants to manipulate pleadings in unsuccessful efforts to invoke its coverage. The bulk of Plaintiff's claims should be dismissed for this reason alone.

Beyond that, Plaintiff's primary claim is that Alvanon implemented a commission plan on a prospective basis over his objection and it diminished his earnings. Determinatively, however, Plaintiff chose to remain employed by Alvanon despite his objection. Thus, under any statutory framework, this claim remains subject to dismissal because of the well-settled principle that "when parties have an employment contract terminable at will, the contract can be modified and different compensation rates fixed without approval of the other party since the dissatisfied party as a right to leave his employment." Plaintiff did not do so here, foreclosing his primary claim.

Plaintiff cannot fall back on the common law theories of *quantum meruit* and/or unjust enrichment to recover for this claim either. Plaintiff has not alleged the performance of any services for which he was not compensated. He has alleged only that he performed services for which he was not compensated at the rate he would have preferred, but that he had full knowledge of the rate that would be utilized before the performance of such services. This admission offends the elements of each claim, including undercutting any suggestion that Defendants were enriched at Plaintiff's expense or that Defendants' lawful administration of its business offends equity or good conscience. These claims thus fail as well.

For these reasons, and the reasons that follow, the Court should dismiss the First Amended Complaint in its entirety.

## ALLEGATIONS & BACKGROUND FACTS

### I. THE PARTIES

Plaintiff is a former employee of Alvanon, who worked as a salesperson from approximately November 2010 through his termination in October 2024. (FAC ¶1, 25).

Alvanon is a global innovations company that designs, manufactures, and sells mannequins that are developed to closely mirror various features of the human anatomy to help

brands, designers and retailers ensure that their garments achieve the best possible fit for their customers. (FAC ¶13). Janice Wang serves as its Chief Executive Officer, Jason Wang as its Chief Operations Officer, Eric Lee as an Executive Director, and Agnes Serrant as a General Manager. (FAC ¶7, 141-6).

## II. ALLEGATIONS GIVING RISE TO PLAINTIFF'S CLAIMS

Plaintiff alleges claims related to his compensation and termination of employment arising under the NYLL, as well as claims under common law theories of *quantum meruit* and unjust enrichment. (FAC ¶77-91).

Plaintiff's compensation claims arise from various changes in his employment that he contends affected his compensation. First, Plaintiff contends that in October 2019, Alvanon introduced a new commission plan changing the commission rate at which he would be compensated. (FAC ¶38). Plaintiff does not allege the change was retroactive, but instead contends that he objected to the change. (FAC ¶39). Second, Plaintiff alleges that in August 2022, certain client accounts were reassigned to another employee in the midst of a compensation cycle. (FAC ¶40-42). Third, Plaintiff contends that in January 2023, Alvanon deducted $4,500 from purportedly earned commissions for amounts Alvanon believed it improperly paid to him. (FAC ¶49-50). Fourth, Plaintiff contends that in April 2023, Alvanon forced him to share commissions on certain sales with another employee. (FAC ¶53-54).

Plaintiff generally contends that he objected to each of these changes and that his employment was terminated for retaliatory reasons as a result. Specifically, Plaintiff contends he objected to the changes to the commission structure in August 2022, April 2023, and April 2024. (FAC ¶43, 51, 53, 57). Plaintiff contends that, as a result, Alvanon began to monitor his electronic communications and, on October 3, 2024, terminated his employment. (FAC ¶59, 61).

## III. PLAINTIFF'S DEFICIENT ALLEGATIONS FAILING TO ESTABLISH A NEXUS TO NEW YORK

Plaintiff purports to advance claims under the NYLL notwithstanding a tenuous connection to New York State. Specifically, Plaintiff alleges he is a current Pennsylvania resident. (FAC ¶1). Plaintiff further acknowledges that he moved to Pennsylvania and "performed work remotely from" Pennsylvania beginning in 2020, before the events he alleges giving rise to his claims occurred (apart from the introduction of a new commission plan).[1] (FAC ¶27). However, Plaintiff attempts to create a nexus to New York by virtue of:

- His execution of a Non-Disclosure Agreement, which included a New York choice of law provision, (FAC ¶29);

- His being taxed as a New York State/New York City employee while he "worked for defendants remotely from Pennsylvania," (FAC ¶32);

- Defendants having supplied equipment to allow him to work remotely from Pennsylvania, (FAC ¶34);

- His sales territory including, among other states, New York, (FAC ¶36); and

- Alvanon, and other employees, being based in New York, (FAC ¶2, 21).

Plaintiff does not allege that he performed any work activities within the State of New York.

---

[1] Plaintiff separately, and contradictorily, alleges that he "worked and lived in New York" until two years prior to his termination, or in or around October 2022. (FAC ¶26). Even if this timeline were correct – which Plaintiff must unavoidably confirm as a factual matter under Rule 11, is not – the events Plaintiff complains of largely post-date this time.

## ARGUMENT

**I.     APPLICABLE STANDARDS**

### A.     FED. R. CIV. P. 12(b)(1)

Rule 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when a District Court lacks the statutory or constitutional power to adjudicate a case. *See* FED. R. CIV. P. 12(b)(1); *Shiber v. Centerview Partners LLC*, No. 21-CIV-3649 (ER), 2022 WL 1173433, at *3 (S.D.N.Y. Apr. 20, 2022). To defeat a motion to dismiss under Rule 12(b)(1), a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Where the defendant places jurisdictional facts in dispute, the court may properly consider "evidence relevant to the jurisdictional question [that] is before the court." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court does not draw inferences from the complaint favorable to the plaintiff. *See J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). The burden rests with Plaintiff to demonstrate by a preponderance of the evidence that the Court has subject matter jurisdiction. *See Garcia v. Lewis Tree Serv., Inc.*, No. 21-CV-6393-EAW, 2022 WL 717861, *2-3 (W.D.N.Y. Mar. 10, 2022).

### B.     FED. R. CIV. P. 12(b)(6)

Rule 12(b)(6) requires dismissal of a complaint or cause of action if it does not state a claim for relief. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining whether a claim for relief is stated, the Court must accept as true the factual allegations set forth in the complaint and draw all reasonable inferences in a plaintiff's favor. *See, e.g., In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). A complaint must do more than offer "naked assertions devoid of further factual enhancement," and the Court is not "bound to accept

as true a legal conclusion couched as a factual allegation." *Fetet v. Altice USA, Inc.*, No. 21-CV-1512, 2021 WL 2941917, at \*4 (S.D.N.Y. July 12, 2021) (internal citations omitted).

**II.     PLAINTIFF DID NOT, AND HAS NOT ALLEGED, THAT HE WORKED IN NEW YORK REQUIRING DISMISSAL OF HIS NEW YORK STATUTORY CLAIMS**

The Court should dismiss Counts I-IV of the FAC for lack of standing and subject matter jurisdiction pursuant to Rules 12(b)(1) and/or 12(b)(6).  As set forth in greater detail below, Plaintiff admits that he was, at all relevant times, a Pennsylvania resident who lived and worked from Pennsylvania.  As such, Plaintiff cannot pursue Counts I-IV, which collectively allege claims for wage violations and retaliation arising under the NYLL.

It is well-settled that the NYLL does not have extraterritorial application or apply to work performed outside of New York.  *See Goshen v. Mut. Live Ins. Co. of N.Y.*, 730 N.Y.S.2d 46, 47 (App. Div. 1st Dep't 2001).  In other words, the NYLL does not apply to citizens of other states who live and work outside of New York.  *See Warman v. Am. Nat'l Standards Institute*, No. 15-CV-5486, 2016 WL 3676681, at \*3 (S.D.N.Y. July 6, 2016).

In *O'Neill v. Mermaid Touring, Inc.*, for example, the plaintiff served as a personal assistant to Lady Gaga and toured throughout the country.  *See* 968 F. Supp. 2d 572, 574-75 (S.D.N.Y. 2013).  She filed suit under the NYLL seeking minimum and overtime wages because she was "expected to be working and/or on call every hour or every day" during her employment.  *Id*.  The Court dismissed her claims on the grounds the NYLL did not apply to hours worked outside of New York.  The Court first noted "that unless expressly stated otherwise, 'no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state…enacting it.'"  *Id.*  The Court then observed that the NYLL contained no such authorization as the "purpose of this area of the labor law is clearly to protect workers laboring in New York."  *Id*. at 578-79.  Finally, the Court rejected the plaintiff's contention that her New

York residence should control, emphasizing that the location of the labor is determinative. *See id.* at 579.

The *O'Neill* holding aligns with a wealth of New York cases. *See, e.g., Aminov v. EC Comm. Corp.*, No. 16-CV-4800, 2017 WL 9511075, at *3 (E.D.N.Y. July 6, 2017) (rejecting application of NYLL to construction work performed outside of New York); *In re: Stage Presence Inc.*, 559 B.R. 93, 99-100 (S.D.N.Y. 2016) (rejecting NYLL claims of stage hands for work performed outside of New York as irreconcilable with the express language and public policy of the NYLL); *Drozd v. U.S.A. Concepts of New York Corp.*, No. 09-CV-5120 (RER), 2015 WL 13733713, at *11 (E.D.N.Y. Apr. 23, 2015) (NYLL does not apply to work performed outside of New York, even where all the parties are "New York" employees); *Magnuson v. Newman*, No. 10–CV–6211, 2013 WL 5380387, at *2, 5 (S.D.N.Y. Sept. 25, 2013) (NYLL did not apply to work done on a television program in Washington, D.C., simply because the defendant production company was incorporated in New York state); *Kassman v. KPMG* LLP, 925 F. Supp. 2d 453, 469 (S.D.N.Y. 2013) (striking New York claims for plaintiffs who worked outside of New York); *Rodriguez v. KGA Inc.*, 64 N.Y.S. 3d 11, 12 (App. Div. 1st Dep't 2017).

Here, not only does Plaintiff not sufficiently allege that he engaged in any labor in New York – he affirmatively alleges the contrary: that he lived and worked remotely from Pennsylvania. (FAC ¶27). Indeed, Plaintiff alleges that Alvanon supplied him with the equipment to facilitate his work from outside of New York. (FAC ¶34). Plaintiff therefore effectively concedes that he is not covered by the NYLL, at least by reference to the standard governing its application. *See Warman*, 2016 WL 3676681, at *3.

Plaintiff attempts to trigger application of the NYLL by reference to discrete extraneous matters. Specifically, Plaintiff refers to a choice of law provision in a non-disclosure agreement,

Alvanon's remittance of employment taxes to New York State, and the fact that his sales territory included New York. (FAC ¶29, 32, 36). There is simply no case law that would allow such tangential facts to overcome the presumption against the extraterritorial application of the NYLL. *See Goshen*, 730 N.Y.S.2d at 47; *Warman* 2016 WL 3676681, at *3 (S.D.N.Y. July 6, 2016). Indeed, New York courts have held that choice of law provisions are insufficient to create an entitlement to protection under the NYLL. *See Warman*, 2016 WL 3676681, at *3 (choice of law provision did not allow Canadian citizen who did not work in New York to bring NYLL claim). New York courts have also held that having sales responsibility for a territory covering New York does not trigger application of the NYLL. *See Hart v. Dresdner Kleinwort Wasserstein Sec., LLC*, No. 06-CIV-0134 (DAB), 2006 WL 2356157, at *7 (S.D.N.Y. Aug. 9, 2006). And while Defendants have not identified any case addressing whether the payment of New York payroll taxes can trigger application of the NYLL, it appears highly unlikely based upon a decision dealing with an analogous circumstance and the presumption against extraterritorial application. *See In re: Stage Presence Inc.*, 559 B.R. at 99-100 (District of Columbia law applied, rather than NYLL, even where plaintiffs were New York residents, the payment of their wages was to be made in New York by a New York payroll company, and payment was to be made using New York bank accounts).

To be sure, even Alvanon's corporate location and the presence of officers and other employees within New York is insufficient to entitle Plaintiff to assert a claim under the NYLL. *See Smith v. Vera Inst. Of Justice, Inc.*, No. 21-CV-6430 (DG) (CLP), 2023 WL 11879682, at *1, 15-16 (E.D.N.Y. Aug. 11, 2023) (dismissing NYLL §215 retaliation claim where plaintiff labored in Washington, D.C., notwithstanding that defendant was based in New York and all decisions emanated from New York); *Warman*, 2016 WL 3676681, at *4 ("If maintaining a New

York headquarters constituted consent to the application of New York statutory law to all employees – no matter their state of employment – it would swallow the presumption against extraterritoriality…").

The NYLL has no place here. Accordingly, Defendants respectfully submit that Plaintiff has not and cannot meet his burden to establish his standing to pursue, or this Court's subject matter jurisdiction over, any claims asserted under the NYLL.[2] Counts I-IV of the First Amended Complaint should be dismissed.

## III. PLAINTIFF HAS NOT ALLEGED A VIOLATION OF THE NYLL BY VIRTUE OF ALVANON'S CHANGE TO ITS COMMISSION PLAN

Even assuming, *arguendo*, that Plaintiff had standing to advance a claim under the NYLL – he does not – Plaintiff's primary claim is deficient and should be dismissed. Specifically, Plaintiff contends that on or about October 31, 2019, Alvanon introduced a new commission plan that he did not agree with. (FAC ¶38-39). Plaintiff next contends that, nearly three years later, he met with Alvanon to discuss the losses he would incur in total compensation by virtue of the new commission plan. (FAC ¶43-44, 46-48). Plaintiff alleges that he again objected to the new commission plan in April 2023. (FAC ¶41). Plaintiff does not allege that the changes to the commission rate structure had retroactive effect.

It is a well-settled principle of law that "when parties have an employment contract terminable at will, the contract can be modified and different compensation rates fixed without

---

[2] Defendants note that Plaintiff references N.Y. Bus. Corp. Law §630 and N.Y. LLC Law §609 in the FAC. (FAC ¶80). However, it does not appear that these are independent claims, but instead, bases to pursue NYLL claims against the Individual Defendants insofar as N.Y. Bus. Corp. Law §630 pertains to liability for the ten largest shareholders of a company for unpaid wages, and N.Y. LLC Law §609 pertains to liability of the members, managers, and agents of an LLC. In any event, even if Plaintiff intended these provisions to serve as vehicles for independent claims, Defendants respectfully submit that the "settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate" outside of New York, applies with equal force. *See Goshen*, 730 N.Y.S.2d at 47.

approval of the other party since the dissatisfied party as a right to leave his employment."
*Drummond v. Akselrad*, No. 23-CV-0179 (LJL), 2023 WL 3173780, at *5 (S.D.N.Y. May 1, 2023) (internal citations omitted). Further, "[i]f an employer changes the terms of its employee's at-will employment contract and the employee chooses to remain in the employer's employ after being advised of that change, the employee is deemed to have acquiesced to the new terms of employment and cannot later claim compensation based on the terms of the original contract." *Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 32-33 (S.D.N.Y. 2010); *see also Cousar v. New York-Presbyterian/Queens*, No. 16-CV-1784 (MKB), 2019 WL 4015400, at *21 (E.D.N.Y. Aug. 26, 2019) (same).

Here, this is all that Plaintiff alleged happened in support of his primary claim.[3] Plaintiff did not like the changes, but Plaintiff did not leave. Accordingly, Counts I-II of the FAC should be dismissed for failure to state a claim to the extent they are based on the introduction of a new commission plan.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR *QUANTUM MERUIT*/UNJUST ENRICHMENT BY VIRTUE OF ALVANON'S CHANGE TO ITS COMMISSION PLAN

Plaintiff also fails to state a claim for *quantum meruit* and/or unjust enrichment based upon the prospective change to the commission plan. To state a claim for *quantum meruit*, Plaintiff must allege: (1) the performance of services in good faith; (2) the acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services. *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir. 2000) (internal citation and quotation marks omitted). To state a claim for unjust

---

[3] To be clear, this is distinct from Plaintiff's allegations concerning the alleged reassignment of accounts in 2022, (FAC ¶40-42), the alleged deduction of $4,500 from commissions, (FAC ¶49), any alleged deductions from commissions, (FAC ¶52), and the alleged removal of credit for a sale, (FAC ¶60). These claims should be dismissed for the reasons set forth in Point II, *supra*.

enrichment, Plaintiff must show that: (1) the other party was enriched; (2) at that party's expense; and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Old Republic Nat'l Title Ins. Co. v. Luft*, 859 N.Y.S.2d 261, 262 (2d Dep't 2008). These claims are typically dealt with in tandem. *See, e.g., Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

Here, Plaintiff has not alleged the performance of any services for which he was not compensated. He has alleged only that he performed services for which he was not compensated at the rate he would have preferred, but that he had full knowledge of the rate that would be utilized before the performance of such services. As to Plaintiff's *quantum meruit* claim, Plaintiff cannot plead that he had an expectation of compensation for services beyond what he was paid, insofar as he alleges he was told of the change in commission rates in advance of performing any work. (FAC ¶39). As to Plaintiff's unjust enrichment claim, Plaintiff cannot plead that it is "against equity and good conscience" to permit Alvanon to retain any amounts that otherwise would have been paid to Plaintiff under the prior arrangement insofar as it behaved just as any employer in administering its business, and Plaintiff remained free to resign his employment if he found the terms objectionable. In both cases, Plaintiff remained employed – implicitly, if not explicitly – accepting the revised terms of his employment.

Thus, apart from Plaintiff's failure to offer allegations supporting the elements of unjust enrichment and quantum meruit claims, Plaintiff's claims are precluded by virtue of the fact that an oral or implied-in-fact contract existed concerning the commission plan. It is well-settled that where there "is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact," quasi-contract claims are precluded. *See Shetel Indus. LLC v. Adin Dental Implant Sys., Inc.*, 493 F. Supp. 3d 64, 113-14 (E.D.N.Y. 2020); *see*

*also Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 587 (2d Cir. 2006) (noting that quasi-contract claims are precluded where a contract governing the subject matter exists between the parties). Plaintiff's continued employment constitutes acceptance of the commission plan. *See Arakelian*, 735 F. Supp. 2d at 32-33. As such, Counts V-VI of the FAC should be dismissed.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court dismiss the First Amended Complaint in its entirety with prejudice[4] and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 13, 2025

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/ Brian Murphy
    Brian D. Murphy
    Jamie Moelis
    30 Rockefeller Plaza, 39th Floor
    New York, New York 10112
    Telephone: (212) 653-8700
    Facsimile: (212) 653-8701
    bmurphy@sheppardmullin.com
    *Attorney for Defendants*

---

[4] The Court already afforded Plaintiff the opportunity to amend the original Complaint in response to Defendants' pre-motion conference letter request concerning this Motion and stated "[t]his will be Plaintiff's last opportunity to amend the complaint." (ECF No. 30).