UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
FREDERICK MAGNER,

                              Plaintiff,

                    v.

ALVANON, INC., ALVANON HK, LTD., JANICE WANG, in her corporate capacities as CEO of Alvanon, Inc. and Alvanon HK, LTD., and in her individual capacity, JASON WANG, in his corporate capacity as COO of Alvanon HK, LTD. and Alvanon, Inc. and in his individual capacity, ERIC LEE, in his corporate capacity as Executive Director of Alvanon, Inc. and in his individual capacity, and AGNES SERRANT, in her corporate capacity of General Manager/HR of Alvanon, Inc. and in her individual capacity,

                             Defendants.
------------------------------------------------------------- x

Docket No. 24-CV-9190-MKV

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Dated:   New York, New York
          May 16, 2025

*Of Counsel:*

    Brian D. Murphy
    Jamie Moelis

SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112-0015
(212) 653-8700

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .........................................................................................................................2

    I.      Plaintiff Cannot Invoke Application Of The New York Labor Law ........................2

          A.      There Is No Reason To Apply A Choice-Of-Law Analysis Where Plaintiff Labored In Pennsylvania At All Times Relevant To His Claims .........................................................................................................2

          B.      Plaintiff's Anecdotal Connection To New York Is Not Sufficient To Invoke The NYLL ...................................................................................6

    II.     Plaintiff Has Not Alleged An Unpaid Commission Claim Based Upon Prospective Changes, Even If He Objected To The Changes .................................7

    III.    Plaintiff's *Quantum Meruit*/Unjust Enrichment Should Be Dismissed, Not Because It Is Duplicative Of His NYLL Claims, But Because He Has Failed To Sufficiently Plead The Elements Of These Claims ................................9

CONCLUSION....................................................................................................................10

Defendants Alvanon, Inc., Alvanon HK, Ltd. (together, "Alvanon"), Janice Wang, Jason Wang, Eric Lee, and Agnes Serrant (the "Individual Defendants," and together with Alvanon, "Defendants"), by and through their attorneys, Sheppard Mullin Richter & Hampton LLP, respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff Frederick Magner ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **PRELIMINARY STATEMENT**

Plaintiff's Opposition confirms that he does not have standing to pursue any claims under the New York Labor Law ("NYLL"). The bulk of Plaintiff's argument is that the Court should engage in a "choice-of-law" analysis to determine whether the NYLL applies. However, a choice-of-law analysis is appropriate only where there are allegations or facts that suggest a plaintiff labored in two states. Here, Plaintiff's allegations make clear that he labored in Pennsylvania during the time period from which his allegations and claims arise. That he worked and lived in New York more than five years ago is irrelevant. The Court can therefore readily dismiss any claims asserted under the NYLL.

Even if the NYLL applied, Plaintiff's primary claim related to commissions is deficient. The FAC is clear: Alvanon implemented a change to its commission plan that Plaintiff did not agree with. According to Plaintiff, the change resulted in his loss of approximately $125,000 in compensation over a period of years. But the critical fact for his claim, apparent in his allegations, is that this change was prospective. Plaintiff could have resigned if he was unhappy, but he did not. He continued working for Alvanon for years. This forecloses from Plaintiff from characterizing the change as a "deduction" and eliminates the necessary predicate for his claim.

Plaintiff's claims for *quantum meruit*/unjust enrichment are similarly deficient. Plaintiff devotes his opposition to an argument Defendants did not make: whether the claims are

duplicative of a NYLL claim. As to the argument Defendants did make – whether Plaintiff alleged the performance of services for which he was not compensated and whether an oral or implied-in-fact contract governed his entitlement to commissions – Plaintiff appears to contend only that he wishes he was paid more. This is not a cognizable claim.

For these reasons, the reasons in Defendants' initial Memorandum of Law, and the reasons set forth below, Defendants respectfully submit that the FAC should be dismissed with prejudice.

## ARGUMENT

**I.  PLAINTIFF CANNOT INVOKE APPLICATION OF THE NEW YORK LABOR LAW**

### A. There Is No Reason To Apply A Choice-Of-Law Analysis Where Plaintiff Labored In Pennsylvania At All Times Relevant To His Claims

Defendants argued that Plaintiff does not have standing to assert a NYLL claim because, at all relevant times, he lived and worked in Pennsylvania with only anecdotal and fleeting connections to New York. (Def. Mem. at p. 6-9). Defendants relied upon a well-settled and robust body of case law holding that the NYLL does not have extraterritorial application. (*Id.* at p. 7). Plaintiff contends in response that these cases should be ignored, and that the Court should engage in a choice-of-law analysis to determine whether the NYLL applies given his presence in New York years before his allegations and in light of the tangential connection he has to New York. (Pl. Opp. at p. 8-12). The choice-of-law analysis upon which Plaintiff relies is appropriate only where work is performed in multiple states contemporaneously, rather than consecutively as is the case here. Accordingly, the analysis is inapplicable and Plaintiff's NYLL claims must be dismissed.

The cases Plaintiff relies upon in support of application of a choice-of-law analysis leave no doubt it is inappropriate here. Indeed, the case from which Plaintiff's argument springboards

is inaposite. In *Padula v. Lilarn Props. Corp.*, the plaintiff pursued claims under various safety-standard provisions of the NYLL. *See* 620 N.Y.S.2d 310, 311 (1994). The Court equated the claims with tort claims given the physical injury suffered by the plaintiff and held that, "[i]n the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied." *See id.* However, it is well-settled that the Article 6 claims Plaintiff alleges here are not tort claims undermining any relevance of *Padula*. *See, e.g., Paige v. Digital Bus. Networks Alliance, Inc.*, No. 24-CV-3169 (KMK), 2025 WL 753952, at n. 7 (S.D.N.Y. Mar. 10, 2025) ("Courts in this circuit have routinely declined to apply tort principles to…NYLL claims.") (internal citations omitted). In any event, the *Padula* Court declined to apply New York law to an injury suffered in Massachusetts notwithstanding that the plaintiff lived and had been employed in New York.

The cases upon which Plaintiff relies flowing from this faulty starting point further highlight the error of Plaintiff's argument. In *Solouk v. European Copper Specialties, Inc.*, the Court considered whether the plaintiffs could recover under the NYLL for the limited time they spent in a "shop" in New Jersey at the beginning of each workday before traveling to New York to work on a construction project. *See* No. 14-CV-8954 (DF), 2019 WL 2181910, at *1, 2, 16 (S.D.N.Y. May 2, 2019). The Court noted the presumption against the extraterritorial application of the NYLL, but held that it was not "clear-cut" that the NYLL could not apply to the limited time the workers spent in New Jersey each day because: (i) all of their work was performed pursuant to a prevailing wage contract established under New York law and which required the workers to be paid "in accordance with the provisions of the [NY] Labor Law;" and (ii) the limited work in New Jersey was "integral" to their work in New York. *See id*. at *16.

The Court thus denied summary judgment to both Parties on the issue of whether the NYLL applied. *See id*. at *14.

Likewise, in *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, the plaintiff was based in New York and started and ended each day in New York, but traveled outside of New York for substantial portions of each workday. *See* No. 13-CV-6780 (CBA) (LB), 2015 WL 5567073, at *9 (E.D.N.Y. Sept. 21, 2015). The Court noted at the outset that, because of the daily multistate work, it could not apply "the uncontroversial proposition that a state's labor laws do not reach work done entirely and exclusively outside that state." *Id*. at *9; *see also Hobbs v. Knight-Swift Transp. Holdings, Inc.*, No. 21-CV-1421 (JLR)(SDA), 2024 WL 5119235, at n.7 (S.D.N.Y. Sept. 6, 2024) (noting that a choice of law analysis is inappropriate "where the work at issue was entirely performed outside of the state."); *Kim v. Family Bob Inc.*, No. 20-CV-906 (ENV), 2021 WL 7906544, at *5 (E.D.N.Y. Jan. 26, 2021) ("Claims arising under the NYLL concern conduct regulation and, where the work occurs in more than one state, a New York choice-of-law analysis is appropriate…"). Only then, given the potential competing application of the laws of two states, did the Court note that the parties had not briefed a choice-of-law analysis preventing it from making the determination of which state's law applied. *See Heng Guo Jin*, 2015 WL 5567073, at *8.

So too, in *Liang Rui Pang v. Flying Horse Trucking Co*., the Court also addressed the absence of a choice-of-law analysis to a truck driver who commenced each route in New York, but traveled to Texas and California over a number of days before returning to New York. *See* No. 0711921/2022, 2023 N.Y. Misc. LEXIS8692, at *7-9 (Sup. Ct. Queens County 2023). The Court held that it could not determine that the NYLL did not apply as a matter of law given that each route started and ended in New York. *See id*. The same is true in *Pierre v. GTS Holdings,*

*Inc.*, also cited by Plaintiff. *See* No. 15-CIV-143 (PAC), 2015 WL 7736552, at *1 (S.D.N.Y. Nov. 30, 2015) (engaging in choice-of-law analysis concerning chauffeurs who worked "both in New York and New Jersey and often between the two states").

The remaining cases Plaintiff cites do not even concern the NYLL. In *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, the Court addressed a claim for tortious interference with contract and engaged in a choice-of-law analysis because the parties hailed from New York, New Jersey, and Connecticut. *See* 460 F.3d 281, 284 (2d Cir. 2006). In *Lazard Freres & Co. v. Prot. Life Ins. Co.*, the Court dealt with a choice of law analysis in a breach of contract action concerning an agreement to purchase bank debt. *See* 108 F.3d 1531, 1540 (2d Cir. 1997).

Simply put, in each of the cases relied upon by Plaintiff, a choice-of-law analysis was appropriate because there was work performed in multiple states related to the violation alleged. Here, at least since 2020 when Plaintiff relocated to Pennsylvania for both his residence and work location, there is no such allegation. It is therefore appropriate for the Court to apply the well-settled rule against the extraterritorial application of the NYLL. *See O'Neill v. Mermaid Touring, Inc.*, 968 F. Supp. 2d 572, 574-75 (S.D.N.Y. 2013); *Aminov v. EC Comm. Corp.*, No. 16-CV-4800, 2017 WL 9511075, at *3 (E.D.N.Y. July 6, 2017); *In re: Stage Presence Inc.*, 559 B.R. 93, 99-100 (S.D.N.Y. 2016); *Drozd v. U.S.A. Concepts of New York Corp.*, No. 09-CV-5120 (RER), 2015 WL 13733713, at *11 (E.D.N.Y. Apr. 23, 2015); *Magnuson v. Newman*, No. 10–CV–6211, 2013 WL 5380387, at *2, 5 (S.D.N.Y. Sept. 25, 2013); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 469 (S.D.N.Y. 2013); *Rodriguez v. KGA Inc.*, 64 N.Y.S. 3d 11, 12 (App. Div. 1st Dep't 2017).

Accordingly, the Court should reject Plaintiff's invitation to engage in an unnecessary choice-of-law analysis, apply the settled law in this space, and dismiss Counts I-IV of the FAC for lack of standing and subject matter jurisdiction pursuant to Rules 12(b)(1) and/or 12(b)(6).[1]

### B. Plaintiff's Anecdotal Connection To New York Is Not Sufficient To Invoke The NYLL

Defendants argued that Plaintiff could not invoke the NYLL in reliance on his non-disclosure agreement, the remittance of New York payroll taxes, or the presence of Alvanon and its corporate officers in New York. (Def. Mem. at p. 8-9). In response, Plaintiff simply reiterates his allegations as part of his assessment of New York "contacts" that he believes warrant application of the NYLL under the inapplicable and unnecessary choice-of-law analysis addressed in Point I.A., *supra.* (Pl. Opp. at p. 12).

Defendants will not readdress the three allegations identified above, insofar as Plaintiff has not addressed the arguments or cases cited by Defendants demonstrating that they are insufficient to invoke NYLL requirements for a Pennsylvania employee, (Def. Mem. at p. 8-9), nor has Plaintiff cited any alternative precedent suggesting that these allegations would suffice. Defendants will, however, address the additional points raised by Plaintiff: (i) that decisions affecting his compensation were made in New York; and (ii) that he was terminated during an in-person conversation in New York. (Pl. Opp. at 11).

---

[1] To the extent Plaintiff intends to argue that the Court should engage in a choice-of-law analysis because of a New York choice-of-law provision in his non-disclosure agreement, the Court should reject this argument. Apart from the fact that Plaintiff's current claims have nothing to do with his non-disclosure agreement, this argument has been rejected as deficient to trigger application of the NYLL to an out-of-state employee. *See Warman v. Am. Nat'l Standards Institute*, No. 15-CV-5486, 2016 WL 3676681, at *3 (S.D.N.Y. July 6, 2016) (choice of law provision did not allow Canadian citizen who did not work in New York to bring NYLL claim).

As to the former, it is well-settled that the making of decisions in New York that affect employees located outside of New York will not support application of New York law. *See Shiber v. Centerview Partners LLC*, No. 21-CV-3649-ER, 2022 WL 1173433, at *3 (S.D.N.Y. Apr. 20, 2022) (considering application of the New York Human Rights Law and noting that "courts look to where the impact occurs, not the place of its origination, to determine the location of the discriminatory acts . . ."). This remains true even where an out-of-state employee intermittently travels to New York. *See id.*; *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314 (S.D.N.Y. 2021) (impact of constructive discharge not felt in New York City even though decision made there when plaintiff resided in another state). As to the latter, it is equally well-settled that it is not the site where a purportedly retaliatory decision is communicated, but where the impact of the decision is felt. *See, e.g., Desiderio v. Hudson Tech., Inc.*, No. 22-CV-00541 (ER), 2025 WL 1285278, at *15 (S.D.N.Y. May 2, 2025) (collecting cases). In the case of an out-of-state employee, it is where the employee lives and works. *See id.*[2]

For these reasons, Plaintiff has no standing to pursue any claims under the NYLL and his claims should be dismissed with prejudice.

II. **PLAINTIFF HAS NOT ALLEGED AN UNPAID COMMISSION CLAIM BASED UPON PROSPECTIVE CHANGES, EVEN IF HE OBJECTED TO THE CHANGES**

Defendants argued that, even if Plaintiff could assert a NYLL claim, the claim is deficient because Plaintiff alleges only that Alvanon made prospective changes to his commission plan, to which he objected, but to which he nevertheless evidenced assent because he did not resign. (Def. Mem. at p. 9-10) (citing *Drummond v. Akselrad*, No. 23-CV-0179 (LJL), 2023 WL 3173780, at *5 (S.D.N.Y. May 1, 2023)). Plaintiff responds by characterizing the change in the

---

[2] In any event, this would impact Plaintiff's retaliation claim only and not his compensation claims.

commission plan as a "deduction" and otherwise self-servingly labeling the commission plan changes as retroactive. (Pl. Opp. at p. 13-14). Plaintiff's argument is without merit.

Plaintiff's attempt to equate a prospective change in a commission plan to a deduction under NYLL Section 193 is akin to trying to make a square peg fit through a round hole. Section 193 prohibit certain deductions from "wages" only. *See* N.Y. LAB. LAW §193(1); 12 N.Y.C.R.R. §195-2.1. Wages are defined as "the earnings of an employee for labor or services rendered…" N.Y. LAB. LAW §190(1). The provision of services is therefore a necessary and obvious precondition to giving rise to a "wage" from which a "deduction" cannot be made. *See, e.g., Vekaria v. Mthree Corp. Consulting Ltd.*, No. 22-CIV-3197 (JPC), 2024 WL 4337542, at \*6 (S.D.N.Y. Sept. 27, 2024).

Here, Plaintiff does not allege that he performed work for which he could earn (or earned) a commission and Defendants *then* changed the commission calculation or payment. He alleges only that Alvanon introduced a new commission plan in October 2019, that he did not agree with it, and that three years later, he objected to it on the grounds that it reduced his compensation. (FAC ¶38-39, 41, 43-44, 46-48). The new calculation was not a deduction, but a prospective change to which Plaintiff manifested assent by virtue of his remaining employed with Alvanon. *See Drummond*, 2023 WL 3173780, at \*5; *Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 32-33 (S.D.N.Y. 2010). Plaintiff's labeling of the change as "retroactive," (Pl. Opp. at p.14), is superficial and does not align with his allegations.

While Plaintiff may have lost approximately $125,000 under the new commission plan, the face of the FAC demonstrates that it was pursuant to a new calculation and not as the result

of a deduction. Accordingly, Plaintiff's NYLL claim should be dismissed for this independent reason.[3]

### III. PLAINTIFF'S *QUANTUM MERUIT*/UNJUST ENRICHMENT SHOULD BE DISMISSED, NOT BECAUSE IT IS DUPLICATIVE OF HIS NYLL CLAIMS, BUT BECAUSE HE HAS FAILED TO SUFFICIENTLY PLEAD THE ELEMENTS OF THESE CLAIMS

Defendants argued that Plaintiff failed to sufficiently plead claims for *quantum meruit*/unjust enrichment because he failed to allege the performance of any services for which he was not compensated, and because an oral or implied-in-fact contract governed his entitlement to commissions. (Def. Mem. at p. 11). Plaintiff responds by arguing that these claims are not duplicative of his NYLL claims and that he worked for Alvanon for 14 years and therefore "expects to obtain a reasonable value of the work and services he provided." (Pl. Opp. at 14-15).

As to the former, Defendants did not argue for dismissal of Plaintiff's *quantum meruit*/unjust enrichment claims on the grounds they were duplicative of his NYLL claims. Plaintiff's argument and reliance on *Karter v. Longevity Health Servs. LLC*, 2024 N.Y. Slip. Op. 32542[U], at *5 (Sup. Ct. N.Y. County 2024), is therefore of no moment.

As to the latter, Plaintiff has not alleged the performance of any services for which he was not compensated. Plaintiff alleges only that he wishes he was paid more. This is a simply untenable argument given that the changes were prospective and Plaintiff accepted the changes – notwithstanding his dissatisfaction with them – by remaining employed under the terms of this oral contract. The argument thus fails common sense, and is otherwise precluded by virtue of the

---

[3] As previously noted (Def. Mem. at n.3), this argument does not pertain to Plaintiff's allegations concerning the alleged reassignment of accounts in 2022, (FAC ¶40-42), the alleged deduction of $4,500 from commissions, (FAC ¶49), any alleged deductions from commissions, (FAC ¶52), and the alleged removal of credit for a sale, (FAC ¶60). These claims should be dismissed because Plaintiff cannot advance claims under the NYLL. *See* Point I, *supra*.

admitted existence of an oral or implied-in-fact contract concerning his compensation. *See Shetel Indus. LLC v. Adin Dental Implant Sys., Inc.*, 493 F. Supp. 3d 64, 113-14 (E.D.N.Y. 2020).

Accordingly, Plaintiff's *quantum meruit*/unjust enrichment claims must be dismissed for failure to state a claim.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court dismiss the First Amended Complaint in its entirety with prejudice and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 16, 2025

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: /s/ Brian Murphy
Brian D. Murphy
Jamie Moelis
30 Rockefeller Plaza, 39th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
bmurphy@sheppardmullin.com
*Attorney for Defendants*