USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/12/2025

**LAW OFFICES OF JIMMY M. SANTOS,PLLC**

*Civil Rights, Labor &Employment, & Civil Litigation*

Jimmy M. Santos, Esq.
Phone (845) 537-7820
Email: jmssesq@gmail.com
www.nycivilrightslaw.com

28 Wilson Place
Cornwall, New York 12518
Fax: (845) 595-2266

May 19, 2025

**VIA ECF**

The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re: *Magner v. Alvanon, Inc, et al.*
Civil Action No 24-CV-9190-MKV

Dear Judge Vyskocil:

As Your Honor is aware, I represent the Plaintiff Frederick Magner in this matter. On Friday, May 16th, defendants filed/ served their reply memorandum of law (the "Reply") to Plaintiff's opposition memorandum of law to defendants' motion to dismiss pursuant to Fed.R.Civ.Pro 12(b)(1) and 12(b)(6). With defense counsel's consent, the undersigned requests that the Court grant leave to Plaintiff to file/ serve a sur-reply limited to three (3) pages to the Reply.

The Reply, for the first time, sets forth additional cases applying the New York States Human Rights Law ("NYSHRL") which goes to the heart of the central issue here as to whether the New York Labor Law ("NYLL") applies extraterritorially. Specifically, p. 7 states:

> "As to the former, it is well-settled that the making of decisions in New York that affect employees located outside of New York will not support application of New York law. *See* Shiber v. Centerview Partners LLC, No. 21-CV-3649-ER, 2022 WL 1173433, at *3 (S.D.N.Y. Apr. 20, 2022) (considering application of the [NYSHRL] and noting that "courts look to where the impact occurs, not the place of its origination, to determine the location of the discriminatory acts . ."). This remains true even where an out-of-state employee intermittently travels to New York. *See* id.; Syeed v. Bloomberg L.P., 568 F. Supp. 3d 314 (S.D.N.Y. 2021) (impact of constructive discharge not felt in New York City even though decision made there when plaintiff resided in another state). As to the latter, it is

equally well settled that it is not the site where a purportedly retaliatory decision is communicated, but where the impact of the decision is felt. See, e.g., Desiderio v. Hudson Tech., Inc., No. 22-CV-00541(ER), 2025 WL 1285278, at *15 (S.D.N.Y. May 2, 2025) (collecting cases)."

As Your Honor is aware, "[c]ourts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." Polidoro v Law Firm of Jonathan D'Agostino, P.C., 2022 US Dist LEXIS 112062, at *20 (SDNY June 23, 2022), No. 19-CV-1290 (ER) (BCM) (citing *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2022 U.S. Dist. LEXIS 21936, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022); *see also DT v. Somers Cent. Sch. Dist.*, 2009 U.S. Dist. LEXIS 152936, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009) (a sur-reply is appropriate *if the party opposing the underlying motion would otherwise be "unable to contest matters presented to the court for the first time in the opposing party's reply*") (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)), *aff'd*, 348 F. App'x 697 (2d Cir. 2009).

With respect to the cases cited by defendants applicable to the NYSHRL, a sur-reply is necessary here; otherwise Plaintiff would be "unable to contest matters presented to the [C]ourt for the first time in the opposing party's reply". *DT*, 2009 WL 10706891, at *2.

As stated above, defendants' counsel consents to Plaintiff's filing/ serving a sur-reply and requests that, assuming that the Court grants this application, defense counsel be allowed to file/ serve a reply to Plaintiff's sur-reply.

Thank you for Your Honor's consideration of this matter.

Respectfully Submitted,

*/S/ Jimmy M. Santos*
Jimmy M. Santos, Esq. (JS-0947)

Cc: All Counsel of Record (via ECF)

The Court is aware of the rule that courts may grant leave to file sur-replies to address arguments raised for the first time in a reply brief. *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19CV1290ERBCM, 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022). However, Defendants' argument regarding the extraterritoriality of New York Labor Law is included in their initial memorandum of law supporting the motion to dismiss and the excerpt above is merely responding to an argument made by Plaintiff in his opposition. A handful of new cases in Defendants' reply memorandum do not change the Court's view.
Accordingly, Plaintiff's request is HEREBY DENIED.
SO ORDERED.

Date: 6/12/2025
New York, New York

Mary Kay Vyskocil
Mary Kay Vyskocil
United States District Judge