USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/2025

**LAW OFFICES OF JIMMY M. SANTOS,PLLC**
*Civil Rights, Labor &Employment, & Civil Litigation*

Jimmy M. Santos, Esq.
Phone (845) 537-7820
Email: jmssesq@gmail.com
www.nycivilrightslaw.com

28 Wilson Place
Cornwall, New York 12518
Fax: (845) 595-2266

June 24, 2025

**VIA ECF**

The Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re: *Magner v. Alvanon, Inc, et al.*
Civil Action No 24-CV-9190-MKV

Dear Judge Vyskocil:

As Your Honor is aware, my firm represents Plaintiff Frederick Magner in the above case. Pursuant to Rule 1(E) of Your Honor's Individual Rules of Practice, I am making this 2nd request that Plaintiff be allowed to submit a sur-reply to defendants' reply papers (the "Reply") related to defendants' motion to dismiss (the "Motion"). As per Your Honor's Order dated June 2, 2025, Plaintiff's 1st motion requesting leave to file a sur-reply was denied.

In the Reply, defendants introduced—for the first time—substantive legal arguments and case law interpreting the New York State Human Rights Law ("NYSHRL"), which directly bear on the central issue of whether the New York Labor Law ("NYLL") has extraterritorial reach. Specifically, Defendants rely on *Shiber v. Centerview Partners LLC*, No. 21-CV-3649-ER, 2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022), and *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314 (S.D.N.Y. 2021), to argue that the determinative factor is where the alleged discriminatory or retaliatory impact is felt—not where the decision was made—and contend that this reasoning applies equally to the NYLL.

As courts have routinely recognized, sur-replies are appropriate where the reply brief raises new arguments or authorities that the opposing party had no opportunity to address. *See* Polidoro v. Law Firm of Jonathan D'Agostino, P.C., 2022 U.S. Dist. LEXIS 112062, at *20 (S.D.N.Y. June 23, 2022) (granting leave to file sur-reply where reply brief raised new issues); DT v. Somers Cent. Sch. Dist., 2009 U.S. Dist. LEXIS 152936, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009) (a sur-reply is warranted where a party would otherwise be "unable to contest matters presented to the court for the first time in the opposing party's reply"). The

cases cited in defendants' reply which deal with the NYSHRL are no longer precedent in that, in 2020, the N.Y. Legislature amended the NYSHRL to provide that the NYSHRL "*be construed liberally for the accomplishment of the remedial purposes thereof*". See, NY. Executive Law § 300 (emphasis added).

However, in *Syeed v Bloomberg L.P.,* and after certifying the question as to whether the NYSHRL applied extraterritorally, the Court of Appeals held that "the New York City and New York State Human Rights Laws *each protect nonresidents who are not yet employed in the city or state* but who proactively sought an actual city- or state-based job opportunity." Syeed v. Bloomberg L.P., No. 20, 235 N.E.3d 351, 2024 WL 1097279, at *2 (N.Y. Mar. 14, 2024) (emphasis added) (where the Court of Appeals remanded the case after plaintiff's case was dismissed).

Moreover, NY Executive Law § 298-a. [Application of article to certain acts committed outside the state of New York] states:

> "1. The provisions of this article shall apply as hereinafter provided to an act committed outside this state against a resident of this state *or against a corporation organized under the laws of this state or authorized to do business in this state, if such act would constitute an unlawful discriminatory practice if committed within this state.*
>
> 2. If a resident person or *domestic corporation violates any provision of this article by virtue of the provisions of this section, this article shall apply to such person or corporation in the same manner and to the same extent as such provisions would have applied had such act been committed within this state* except that the penal provisions of such article shall not be applicable.
>
> *See*, Executive Law § 298-a (Consol., Lexis Advance through 2025 released Chapters 1-49, 61-126)) (emphasis added).

In the absence of leave to file a sur-reply, Plaintiff would be deprived of the opportunity to address newly introduced legal authority, as set forth above, that directly affects the Court's analysis of the extraterritorial application of the NYLL. Accordingly, Plaintiff respectfully requests that the Court grant leave to file a three-page sur-reply, with Defendants permitted to file a short reply thereto.

With respect to the cases cited by defendants applicable to the NYSHRL, a sur-reply is necessary here; otherwise Plaintiff would be "unable to contest matters presented to the [C]ourt for the first time in the opposing party's reply". *DT*, 2009 WL 10706891, at *2.

Thank you for Your Honor's consideration of this matter.

Respectfully Submitted,

*/S/ Jimmy M. Santos*
Jimmy M. Santos, Esq. (JS-0947)

Cc: All Counsel of Record (via ECF)

The Court has already ruled on Plaintiff's request to file a sur-reply. [ECF No. 49]. "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Plaintiff has identified no valid reason that the Court should reconsider its order.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19-cv-2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted). Plaintiff's motion abuses those resources (as well as those of its client). Accordingly, the motion for reconsideration is HEREBY DENIED.

SO ORDERED.

Date: June 25, 2025
New York, New York

Mary Kay Vyskocil
United States District Judge